IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MERCHANTS BANK OF INDIANA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.:_____ |
| ) | |
| vs. ) | |
| ) | |
| AVENIR MEMORY CARE @ ) | |
| FAYETTEVILLE LP, DAVID L. ) | |
| CRAIK, JASON D CRAIK and ) | |
| STEPHEN A. SUSKE, ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT TO ENFORCE PROMISSORY NOTE AND GUARANTIES

Merchants Bank of Indiana ("Merchants"), for its Complaint against Avenir Memory Care @ Fayetteville LP ("AMC @ Fayetteville"), David L. Craik ("D. Craik"), Jason D. Craik ("J. Craik") and Stephen A. Suske ("Suske") (collectively, the "Defendants"), alleges as follows:

### Nature of the Action

1. The purpose of this action is to enforce a commercial loan.

2. In short, on June 27, 2018, Merchants loaned $8,640,000.00 to AMC @ Fayetteville (the "Loan"), which Loan was personally guaranteed by D. Craik, J. Craig and Suske (collectively, the "Guarantors"). The Loan is now in default due to the Defendants' failure to pay the Loan in full by its maturity on July 1, 2022.

### Parties

3. Merchants is an Indiana chartered bank with its principal place of business at 410 Monon Blvd., Carmel, Indiana 46032. Merchants' businesses include commercial lending and traditional community banking operations with six depository branches located in Indiana (in Carmel, Indianapolis, Lynn, Spartanburg, and Richmond).

1

4. AMC @ Fayetteville, an Arkansas limited partnership, is the borrower under the Loan and owns a senior citizens retirement facility in Washington County, Arkansas. None of the partners of AMC @ Fayetteville reside, or have a principal place of business, in the State of Indiana.

5. D. Craik is a guarantor of the Loan, the President of AMC @ Fayetteville and a resident of the State of Arizona.

6. J. Craik is a guarantor of the Loan, the Secretary/Treasurer of AMC @ Fayetteville and a resident of the State of Arizona.

7. Suske is a guarantor of the Loan and a resident of Ontario, Canada.

**Jurisdiction and Venue**

8. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and because the amount in controversy exceeds $75,000, exclusive of interests and costs.

9. In order to secure and collateralize the Loan, on or about June 27, 2018, AMC @ Fayetteville executed and delivered to Merchants a Real Estate Mortgage, Security Agreement and Assignment of Leases and Fixture Filing (the "Mortgage") that was recorded in the Office of the Washington County, Arkansas Clerk as File No. 2018-00020067. A true and accurate copy of the Mortgage is attached hereto as **Exhibit A**.[1]

10. Pursuant to Section 49 of the Mortgage, AMC @ Fayetteville consented to the jurisdiction of, and venue in, this Court. This Court also has personal jurisdiction over AMC @ Fayetteville because it committed one or more actionable acts in Indiana.

---

[1] Merchants expressly reserves its right to foreclose the Mortgage, seek the appointment of a receiver and pursue all other available rights and remedies arising out of the security interests pledged as collateral for the Loan.

11. Pursuant to Section 24 of the Guaranties (defined below and attached hereto as Exhibits G, H and I), the Guarantors consented to the jurisdiction of, and venue in, this Court. This Court also has personal jurisdiction over the Guarantors because they committed one or more actionable acts in Indiana.

12. All conditions precedent to the initiation of this action have been met, performed or waived.

### Count I: The Promissory Note

Merchants, for Count I against AMC @ Fayetteville, states:

13. Merchants incorporates by reference paragraphs 1- 12 as if fully restated herein.

14. On or about June 27, 2018, AMC @ Fayetteville executed a Promissory Note (the "Note") in the amount of $8,640,000.00 payable to Merchants. A true and accurate copy of the Note is attached hereto as **Exhibit B**.

15. In January, 2020, the Defendants executed a Confirmation and Amendment of Loan Documents to be effective as of January 1, 2020 that, among other things, extended the maturity date of the Note to January 1, 2021 (the "First Amendment"). A true and accurate copy of the First Amendment is attached hereto as **Exhibit C**.

16. In January, 2021, the Defendants executed a Confirmation and Amendment of Loan Documents to be effective as of January 1, 2021 that, among other things, extended the maturity date of the Note to January 1, 2022 (the "Second Amendment"). A true and accurate copy of the Second Amendment is attached hereto as **Exhibit D**.

17. In January, 2022, the Defendants executed a Confirmation and Amendment of Loan Documents to be effective as of January 1, 2022 that, among other things, extended the maturity date of the Note to July 1, 2022 (the "Third Amendment"). A true and accurate copy of

the Third Amendment is attached hereto as **Exhibit E**. (Exhibits B through E shall collectively be referred to as the "Amended Note").

18. The Amended Note is now in default for, among other things, AMC @ Fayetteville's failure to make payments when due, including the failure to pay the Amended Note in full upon maturity of July 1, 2022 (the "Default");

19. On or about July 5, 2022, Merchants, by counsel and as a courtesy, issued to the Defendants written notice of the Default. A true and accurate copy of the July 5, 2022 letter is attached hereto as **Exhibit F**.

20. As a result of the Default, all of the indebtedness evidenced by the Amended Note and remaining unpaid is due, including without limitation the entire unpaid principal balance and accrued and unpaid interest.

21. As of September 9, 2022, the outstanding principal balance under the Amended Note was $8,301,893.19 and the accrued and unpaid interest equaled $231,383.14, for a total amount due and payable of $8,533,276.33.

22. Interest continues to accrue at the default rate of twelve percent (12%) *per annum*, or $2,767.30 *per diem*.

23. Pursuant to Section 4.2 of the Amended Note, in addition to the other sums due and payable, AMC @ Fayetteville owes to Merchants an Exit Fee (defined in the Note) in the amount of $151,200.00.

24. All conditions precedent to Merchants' enforcement of the Amended Note against AMC @ Fayetteville have been performed, have occurred, or have been excused.

WHEREFORE, Merchants requests that the Court:

A.   Enter judgment in favor of Merchants and against AMC @ Fayetteville with regard to the Amended Note in the amount, as of September 9, 2022, of $8,684,476.33, consisting of the outstanding principal balance of $8,301,893.19, accrued and unpaid interest of $231,383.14, and the Exit Fee of $151,200.00, plus attorney fees and litigation expenses incurred and expected to be incurred through the entry of judgment, as well as interest that continues to accrue at the rate of $2,767.30 *per diem*; and

B.   Grant Merchants all other proper relief.

### Count II: The Guaranties

Merchants, for Count II against the Guarantors, states:

25.   Merchants incorporates by reference paragraphs 1 through 24 of its Complaint as if fully restated herein.

26.   On or about June 27, 2018, D. Craik executed a Continuing Guaranty in favor of Merchants in which he unconditionally guaranteed payment of the indebtedness owed under the Amended Note. A true and accurate copy of the Continuing Guaranty is attached hereto as **Exhibit G**.

27.   On or about June 27, 2018, J. Craik executed a Continuing Guaranty in favor of Merchants in which he unconditionally guaranteed payment of the indebtedness owed under the Amended Note. A true and accurate copy of the Continuing Guaranty is attached hereto as **Exhibit H**.

28.   On or about June 27, 2018, Suske executed a Continuing Guaranty in favor of Merchants in which he unconditionally guaranteed payment of the indebtedness owed under the Amended Note. A true and accurate copy of the Continuing Guaranty is attached hereto as **Exhibit I**. (Exhibits G, H and I shall collectively be referred to as the "Guaranties.")

29. The Guarantors executed the First Amendment, the Second Amendment and the Third Amendment.

30. The Guarantors are in default under the Guaranties for, among other things, the Default.

31. The outstanding balance owed on the Guaranties consists of the indebtedness owed under the Amended Note.

32. All conditions precedent to Merchants' enforcement of the Guaranties against the Guarantors have been performed, have occurred, or have been excused.

WHEREFORE, Merchants requests that the Court:

A. Enter judgment in favor of Merchants and against the Guarantors, jointly and severally, with regard to the Amended Note in the amount, as of September 9, 2022, of $8,684,476.33, consisting of the outstanding principal balance of $8,301,893.19, accrued and unpaid interest of $231,383.14, and the Exit Fee of $151,200.00, plus attorney fees and litigation expenses incurred and expected to be incurred through the entry of judgment, as well as interest that continues to accrue at the rate of $2,767.30 *per diem*; and

B. Grant Merchants all other proper relief.

Respectfully submitted,

/s/ *John D. Waller*
John D. Waller, #17600-49
John.Waller@dinsmore.com
David W. Patton, #35333-82
David.Patton@@dinsmore.com

Attorneys for Plaintiff

DINSMORE & SHOHL LLP
211 North Pennsylvania Street
One Indiana Square, Suite 1800
Indianapolis, IN 46204
Tel:     (317) 639-6151